Russell S. Thompson, IV (029098)
David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Shields, *on behalf of herself and all others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> Sonora Quest Laboratories, LLC and RSI Enterprises, Inc., <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Shawna Shields ("Plaintiff") brings this putative class action complaint against Defendants Sonora Quest Laboratories, LLC ("Sonora Quest") and RSI Enterprises, Inc. ("RSI") (collectively "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C.

§ 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Servs. LLC,* 132 S.Ct. 740, 745 (2012).

5. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

6. "Artificial or prerecorded messages … were believed to have heightened intrusiveness because they are unable to 'interact with the customer except in preprogrammed ways.'" *Missouri ex rel. Nixon v. American Blast Flax, Inc.*, 323 F.3d 649 (8th Cir. 2003) (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7. "The [TCPA] itself is silent as to vicarious liability. We therefore assume that Congress intended to incorporate "ordinary tort-related vicarious liability rules.' " *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014).

8. Therefore, "[t]he TCPA imposes vicarious liability where an agency

Complaint - 2

relationship, as defined by federal common law, is established between the defendant and a third-party caller." *Id*.

**PARTIES**

9. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Peoria.

10. Sonora Quest is a domestic LLC that provides medical laboratory tests.

11. RSI is a domestic for-profit corporation that engages in debt collection on behalf of Sonora Quest.

12. RSI is an agent of Sonora Quest.

**FACTUAL ALLEGATIONS**

13. On July 2, 2013, Plaintiff went to Sonora Quest to undergo a medical diagnostic test.

14. Sonora Quest billed Plaintiff for the medical diagnostic test.

15. Because Plaintiff was in a transition period with her health insurance, the bill went unpaid.

16. Sonora Quest subsequently transferred the account to RSI for collection.

17. RSI subsequently began placing collection calls to Plaintiff's cellular telephone for the purpose of collecting on the Sonora Quest account.

18. On March 6, 2014 at 4:41PM, RSI, itself and on behalf of Sonora Quest, placed a call to Plaintiff's cellular telephone number that stated the following message:

> Shawna Shields….you should not listen to this message so
> that other people could hear it, as it contains personal and
> private information…(clicking sounds)… This is RSI

> Enterprises. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact me about an important business matter at 480-374-6871. Repeat. 480-374-6871.

19. The March 6, 2014 call was placed using an artificial and/or prerecorded voice.

20. On March 13, 2014 at 12:53PM, RSI, itself and on behalf of Sonora Quest, placed a call to Plaintiff's cellular telephone number that stated the following message:

> Shawna Shields….you should not listen to this message so that other people could hear it, as it contains personal and private information…(clicking sounds)… This is RSI Enterprises. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact me about an important business matter at 480-374-6871. Repeat. 480-374-6871.

21. The March 13, 2014 call was placed using an artificial and/or prerecorded voice.

22. Between March 13, 2014 and December 14, 2014, RSI, itself and on behalf of Sonora Quest, has placed over 45 calls to Plaintiff's cellular telephone number.

23. Upon information and belief, RSI maintains business records that will show all calls placed to Plaintiff's cellular telephone number.

24. Upon information and belief, the above calls were made or initiated using an automatic telephone dialing system or artificial or prerecorded voice.

25. Upon information and belief, RSI placed the telephone calls to Plaintiff identified above intentionally.

26. Upon information and belief, RSI has knowledge of the TCPA and the

FCC's regulatory guidance about the TCPA.

27. Upon information and belief, RSI maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

28. RSI did not place any telephone calls to Plaintiff for emergency purposes.

29. RSI did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

30. Upon information and belief, Sonora Quest obtained Plaintiff's cellular telephone number from information she had given her doctor and provided such number to RSI for the purposes of collecting on the account.

31. Sonora Quest is a large organization operating in a highly regulated environment.

32. Sonora Quest employs numerous legal counsel to provide it with advice on best business practices.

33. As such, Sonora Quest also has knowledge of the TCPA and the FCC's regulatory guidance about the TCPA.

34. Upon information and belief, because Sonora Quest provides RSI with sensitive medical information, it plays a substantial role in determining what debt collection methods RSI uses when collecting on Sonora Quest accounts.

35. Upon information and belief, Sonora Quest has expressly or implied given RSI authority to place calls to consumers' telephone numbers in the same manner that it placed calls to Plaintiff.

36. In addition, or in the alternative, Sonora Quest has sufficient knowledge of

Complaint - 5

RSI's business practices and engages in conduct that justifies a reasonable assumption that it consents to RSI's business methods (e.g., Sonora Quest has knowingly accepted the benefits of RSI's collection techniques).

## CLASS ALLEGATIONS

37. Plaintiff repeats and re-alleges all factual allegations above.

38. Upon information and belief, Sonora Quest routinely obtains telephone numbers from patients' doctors and provides them to RSI for debt collection purposes.

39. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> Every individual in the United States to whom Defendant, in the four years prior to the filing of this complaint, placed a telephone call on behalf of Sonora Quest that was substantially similar or materially identical to the calls Defendant made to Plaintiff's cellular telephone number, in that the calls were made to a cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

40. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

41. The class is averred to be so numerous that joinder of members is impracticable.

42. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

43. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

44. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

45. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

46. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

47. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

48. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

49. Plaintiff is willing and prepared to serve this Court and the proposed class.

50. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

51. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

53. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

56. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## RSI

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. The TCPA prohibits all calls made to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice, except for calls made for emergency purposes or made with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

59. RSI violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

60. RSI willfully and/or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by

intentionally placing calls to Plaintiff using an automatic telephone dialing system and/or an artificial or pre-recorded voice even though it knew it was calling Plaintiff's cellular telephone and that Plaintiff had not provided Sonora Quest with her cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that RSI violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class she seeks to represent;

c) Enjoining RSI from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff and the class she seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and the class she seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action;

      h)      Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

      i)      Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## SONORA QUEST

61. Plaintiff repeats and re-alleges each and every factual allegation above.

62. RSI violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

63. RSI willfully and/or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) by intentionally placing calls to Plaintiff using an automatic telephone dialing system and/or an artificial or pre-recorded voice even though it knew it was calling Plaintiff's cellular telephone and that Plaintiff had not provided Sonora Quest with her cellular telephone number.

64. Sonora Quest is vicariously liable for RSI's violation(s) of 47 U.S.C. § 227(b)(1)(A)(iii).

65. Specifically, Sonora Quest is vicariously liable for its violations because RSI had Sonora Quest's express or implied authority to make or initiate calls to Plaintiff's cellular telephone number using an automatic telephone dialing system or artificial or prerecorded voice.

66. In addition, or in the alternative, Sonora Quest ratified RSI's collection

methods by knowingly accepting the benefits of RSI's actions.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b) Adjudging that RSI violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class she seeks to represent;

    c) Adjudging that Sonora Quest is vicariously liable for RSI's violations of 47 U.S.C. § 227(b)(1)(A)(iii);

    d) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

    e) Awarding Plaintiff and the class she seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

    f) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    g) Awarding Plaintiff and the class she seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

    h) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to Rule 23;

      i)      Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

      j)      Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

67. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 21, 2015.          Respectfully submitted,

<u>s/ Russell S. Thompson, IV</u>
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

<u>s/ David McDevitt</u>
David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-845-5969
866-317-2674 facsimile
dmcdevitt@consumerlawinfo.com

Attorneys for Plaintiff